9UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BOBBY COLLINS,

                                        Plaintiff,                        9:26-CV-1188
                                                                          (MAD/CBF)
                    v.

NEW YOUR STATE BOARD OF PAROLE AND
PAROLE DIVISION, QUEENS,

                                        Defendants.

---

APPEARANCES:

BOBBY COLLINS
Plaintiff, pro se
4670
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

On June 5, 2026, pro se plaintiff Bobby Collins ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").

By Decision and Order filed on July 1, 2026 (the "July 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 4.  On the basis of that review,

the Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

On July 14, 2026, plaintiff filed an amended complaint. Dkt. No. 6 ("Am. Compl.").

## II.      SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the July 2026 Order and will not be restated in this Decision and Order. *See* Dkt. No. 4 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following individuals as new defendants: Parole Officer Dave Traglia ("Traglia") and Parole Officer L. Smith ("Smith").[1] *See* Am. Compl. at 1-2. The amended complaint does not include any claims against the New York State Board of Parole and Parole Division, Queens, entities that were named as defendants in the original complaint.[2] *See id.* The following facts are set forth as alleged by plaintiff in his amended complaint.

In July 2019, plaintiff was released on parole from the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* DOCCS Inmate Lookup, http://nysdoccslookup.doccs.state.ny.us (last visited July 29, 2026). Plaintiff's post release supervision maximum expiration date was October 11, 2025. *Id.*

On August 26, 2025, Smith told plaintiff he would "be on parole until 2028" and transferred plaintiff to the parole office in Utica, New York. Am. Compl. at 2. Plaintiff was

---

[1] The Clerk of the Court is directed to amend the Docket Report to include these defendants.

[2] The Clerk of the Court is directed to amend the Docket Report to terminate these defendants.

assigned to Traglia, who also informed him that he would be "on parole until 2028." *Id*.

Plaintiff continued to report to parole until January 2026. *Id.*

On February 19, 2026, plaintiff was taken into custody and transferred to the Oneida

County Correctional Facility ("Oneida County C.F.") on February 20, 2026. *See* VINELink,

https://vinelink.com (last visited July 29, 2026).

Construing the amended complaint liberally[3], plaintiff alleges that defendants violated

the Fourth, Fourteenth, and Eighth Amendments.[4] *See generally* Am. Compl.  Plaintiff seeks

monetary damages. *Id*. at 4.

### C.  Analysis

In the July 2026 Order, the Court concluded that the Eleventh Amendment barred

plaintiff's claims against the Board of Parole and Division of Parole.  Dkt. No. 4 at 6.  Because

plaintiff did not identify any other defendants, the Court found that the complaint did not state

any colorable § 1983 claims.  *Id.*  With the amended complaint, plaintiff identifies individual

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

[4] In his Second Cause of Action, plaintiff asserts violations of his Fifth Amendment rights.  *See* Am. Compl. at 3. The Fifth Amendment due process clause applies only to the federal government, and not to state or municipal governments.  *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law.").  Here, the amended complaint does not allege that any federal official violated plaintiff's Fifth Amendment due process rights. Accordingly, the Fifth Amendment claims are dismissed with prejudice.  *See, e.g., Robinson v. Wright,* No. 5:21-CV-1098 (TJM/ML), 2022 WL 2663369, at *3 (N.D.N.Y. Jul. 11, 2022) (dismissing the plaintiff's Fifth Amendment claims because no allegations made against any federal official).  In light of plaintiff's pro se status, the Court will analyze plaintiff's claims pursuant to the Fourteenth Amendment.

parole officers and asserts that defendants "illegally held [him] past [his] time[.]"  *See* Am. Compl. at 2.

Plaintiff, who is presently in custody and was in custody when he filed this civil action, seeks compensatory and punitive damages.  *See generally* Compl.; Am. Compl. at 4.  In *Heck v. Humphrey*, 512. U.S. 477 (1984), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Id*. at 486–87.  "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,' " thus, any shortening of a term of confinement will be subject to the rule in *Heck*.  *Wilkinson v. Dotson*, 544 U .S. 74, 83–84 (2005) (quoting Heck, 512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases).  Indeed, an inmate's Section 1983 action is barred by *Heck* "(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson*, 544 U.S. at 81–82 (emphasis in original); *see also Bodie v. Morgenthau,* 342 F.Supp.2d 193, 201 (S.D.N.Y. 2004) (denying plaintiff's request for injunctive relief where plaintiff sought "to compel specific action pertaining to the content of [his] parole records").  *Heck* does not bar 1983 actions that do not "spell immediate or speedier release for plaintiff" or a request for prospective injunctive relief.  *See Wilkinson*, 544 U.S. at 82; *Boddie v. N.Y.S. Div. of Parole,* No. 08-CV-911, 2009 WL 1033786, at *1 (E.D.N.Y. Apr. 17, 2009).

4

Plaintiff's claims for monetary damages are barred by *Heck* because if plaintiff were to receive the requested relief, "such a resolution would call into question the validity of imprisonment."  *Heck*, 512 U.S. at 486-87.  "[U]nless and until plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, he cannot receive damages for any injury allegedly caused by [. . . ] defendants in this action in "improperly extending the plaintiff's maximum release date." *Torrence v. Thompson*, 435 Fed. App'x 56, 59 (3d Cir. 2011) (dismissing claim challenging the fact or duration of the plaintiff's recalculated maximum sentence); *see also Gonzalez v. Pennsylvania Bd. of Prob. & Parole*, No. CIV.A. 3:13-2582, 2014 WL 65310, at *6 (M.D. Pa. Jan. 8, 2014) (holding that Eighth and Fourteenth Amendment claims based upon the claim that the plaintiff was held on parole beyond his release date is barred by the favorable-termination rule of *Heck*) (collecting cases).

Even assuming *Heck* did not bar plaintiff's claims, the amended complaint is nevertheless subject to dismissal as the pleading lacks any facts suggesting that defendants violated plaintiff's constitutional rights.  To wit, the pleading lacks any facts related to plaintiff's interactions with defendants including, dates, times, frequency, or the sum and substance of any communication.  Simply put, the conclusory assertion that defendants violated plaintiff's constitutional rights are devoid of any factual or substantive support.

Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

III.    **CONCLUSION**

**WHEREFORE, it is hereby**

5

**ORDERED** that the amended complaint (Dkt. No. 6) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that the amended complaint (Dkt. No. 6) is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: August 4, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

6